911 F.2d 725
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
TRUSTEES OF the NATIONAL AUTOMATIC SPRINKLER INDUSTRY
PENSION FUND; Trustees of the National Automatic Sprinkler
Industry Welfare Fund, Trustees of the National Automatic
Sprinkler Local 669 UA Education Fund, Plaintiffs-Appellees,
v.
ZENGEL BROTHERS, INC., F & J Zengel Plumbing & Heating,
Inc., Defendants-Appellants.
 No. 89-2135.
 United States Court of Appeals, Fourth Circuit.
 Argued July 18, 1990.
Decided Aug. 15, 1990.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Norman P. Ramsey, District Judge. (CA-88-565-R)
 Mitchel B. Craner, New York City, for appellants.
 Louis P. Malone, III, O'Donoghue & O'Donoghue, Washington, D.C. (Argued), for appellees; Charles W. Gilligan, O'Donoghue & O'Donoghue, Washington, D.C., on brief.
 D.Md.
 AFFIRMED.
 Before CHAPMAN and WILKINSON, Circuit Judges, and JOSEPH F. ANDERSON, United States District Judge for the District of South Carolina, sitting by designation.
 PER CURIAM:
 
 
 1
 Zengel Brothers, Inc. appeals a jury verdict against it which included a finding that Zengel Brothers, Inc. ("ZBI") and F & J Zengel Plumbing and Heating, Inc. ("F & J") constitute a single employer. Because substantial evidence supports the jury's verdict, we affirm.
 
 
 2
 * The plaintiffs/appellees are the trustees of certain fringe benefit plans (the "Funds"). Contributions are made to the Funds pursuant to the terms of collective bargaining agreements negotiated between various sprinkler fitter unions and employers working in the automatic fire sprinkler industry throughout the United States. The Funds filed suit against ZBI for breach of a collective bargaining agreement, seeking payment of delinquent contributions allegedly owed under the agreement. An amended complaint named F & J and Francis Zengel as additional defendants, and alleged that ZBI and F & J constituted a single employer and/or alter ego of each other and that they had breached two agreements requiring contributions to the Funds.
 
 
 3
 The jury found by special verdict that the relationship between F & J and ZBI was such that ZBI should be deemed bound to collective bargaining agreements entered into by F & J. The parties stipulated to damages in the event that the jury found liability, and the district court entered an order of judgment for the Funds for $118,810.23, plus attorneys' fees and costs in the amounts of $43,146.00 and $4,050.40.
 
 II
 
 4
 ZBI did not object to the charge submitted to the jury on the issue of whether ZBI and F & J were a single employer, but argues to this Court that the jury's finding should be overturned because the evidence does not support it. The jury was charged to look at the following factors in determining whether ZBI and F & J should be treated as a single employer: 1) the interrelationship of operations; 2) the presence of common management; 3) the presence of common control of labor relations; and 4) the presence of common ownership. See, e.g., Carpenters v. Pratt-Farnsworth, 690 F.2d 489, 504 (5th Cir.1982), cert. denied, 464 U.S. 931 (1983). No single factor is determinative; rather the focus is on the absence of an arm's length relationship. See Int'l Bhd. of Elec. Workers Local 613 v. Fowler Indus., Inc., 884 F.2d 551, 553 (11th Cir.1989), cert. denied, 110 S.Ct. 1783 (1990).
 
 
 5
 The sole issue before this Court is whether there is substantial evidence in the record to support the jury's factual determination that ZBI and F & J operated as a single employer. It is not our task to weigh the evidence or to pass on the credibility of the witnesses. See Garment Dist., Inc. v. Belk Stores Serv., Inc., 799 F.2d 905, 906 (4th Cir.1986), cert. denied, 486 U.S. 1005 (1988). After careful review of the record, we conclude that there is substantial evidence on which a reasonable jury could have concluded that ZBI and F & J operated as a single employer, and therefore we affirm.
 
 
 6
 The parties stipulated to much of the evidence on which a reasonable jury could have found a single employer relationship. For example, the parties stipulated that ZBI and F & J are two wholly owned corporations, 50% of each of which is owned by John Zengel and 50% by Francis Zengel, who are the sole officers and directors of both companies. John Zengel is the president of both companies but paid by ZBI. Francis Zengel is the secretary of both companies but paid by ZBI. Sheldon Hewlitt and Jim Pace are general managers of both companies but paid by ZBI. ZBI pays the salary of the office staff, even though F & J utilizes the services of ZBI's receptionist and office manager/bookkeeper. Both companies have the same business purpose and are managed by John and Francis Zengel, who have the ultimate labor relations authority for both companies. One employee was initially carried on ZBI's payroll but was later transferred to F & J's payroll while working on the same job site.
 
 
 7
 The parties also stipulated that the companies share common facilities, but only ZBI's name is on the sign at the facility, and there is only one telephone number, which is answered "Zengel Brothers." Both companies use the same contractor's license number. All insurance is in the name of ZBI with F & J listed only as an additional insured. Both companies share vehicles, all of which are either owned or leased by ZBI.
 
 
 8
 In addition to the stipulated facts, the jury heard evidence that each company pays rent to F & J Zengel partnership, the owner of the building, but the rent fluctuates daily without written agreement. Although there was testimony that ZBI was formed to bid non-union jobs, while F & J was to bid union work, there was also evidence that a number of jobs were initially bid by F & J but ultimately performed by ZBI. Evidence was also presented that money was loaned from ZBI to F & J without any written agreement.
 
 
 9
 We uphold the jury's verdict because the above facts constitute sufficient evidence to support the jury verdict that ZBI and F & J operated as a single employer and are responsible for the contributions due the benefit plans.
 
 
 10
 AFFIRMED.